**Sarah Clerget**
Chief Legal Counsel
Montana Fish, Wildlife and Parks
1420 East Sixth Avenue
P.O. Box 200701
Helena, MT 59620-0701
ph: (406) 444-4047
sclerget@mt.gov
*Attorney for Montana Fish, Wildlife and Parks*
*On behalf of Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FLATHEAD-LOLO-BITTERROOT CITIZEN TASK FORCE and WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, LESLEY ROBINSON, and GREG GIANFORTE,<br><br>Defendant. | Case No. 9:23-cv-00101-DWM<br><br>**DEFENDANTS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants, State of Montana, Lesley Robinson, and Greg Gianforte (together, "Montana") answer Plaintiffs' First Amended Complaint and assert the affirmative defenses as follows:

## INTRODUCTION

1. Paragraph 1 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

2. Montana admits the allegations in the first sentence of Paragraph 2. The allegations in the second sentence of Paragraph 2 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

3. The allegations in Paragraph 3 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

4. Montana denies the allegations in the first sentence of Paragraph 4. The allegations in the second sentence in Paragraph 4 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

5. The allegations in Paragraph 5 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

6. Montana admits the allegations in the first sentence of Paragraph 6. Montana denies the allegations in the second sentence of Paragraph 6.

7.     Paragraph 7 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

## JURISDICTION AND VENUE

8.     Paragraph 8 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

9.     Paragraph 9 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

10.    Montana admits the allegations in Paragraph 10.

## PARTIES

11.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 11 concerning the interests, membership, and activities of Plaintiff Flathead-Lolo-Bitterroot Task Force ("Task Force") and therefore denies them. The allegations in the second sentence of Paragraph 11 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

12.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences of Paragraph 12 concerning the interests, membership, and activities of Plaintiff Wildearth Guardians ("Guardians"), and therefore denies them. The

allegations in the fifth sentence of Paragraph 12 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

13. Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning the interests, membership, and activities of Plaintiffs', and therefore denies them.

14. Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning the interests, membership, and activities of Plaintiffs', and therefore denies them.

15. Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 15 concerning Plaintiffs' members, and therefore denies them. The allegations in the third sentence of Paragraph 15 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

16. The allegations in Paragraph 16 identifies Plaintiffs' action, and no response is required. If a response if a response is required, those allegations are denied.

17. Montana admits the allegations in the first sentence of Paragraph 17. The allegations in the second sentence of Paragraph 17 are characterizations of Plaintiffs' action, to which no response is required.

18.     Montana admits the allegations in the second sentence of Paragraph 18. The allegations in the second sentence of Paragraph 18 are characterizations of Plaintiffs' action, to which no response is required.

## LEGAL BACKGROUND

19.     Paragraph 19 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

20.     Paragraph 20 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

21.     Montana admits the allegations in Paragraph 21.

22.     Paragraph 22 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

23.     Paragraph 23 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

24.     Paragraph 24 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

## FACTUAL BACKGROUND

### I.    THREATENED GRIZZLY BEARS

25.     Montana admits the allegations in the first and fourth sentences of Paragraph 25. The allegations in the second sentence of Paragraph 25 purport to characterize the case law cited, which speaks for itself and is the best evidence of

its contents. Montana denies any allegations inconsistent with the case laws plain language, meaning, or context. The allegations in the third sentence of Paragraph 25 purport to characterize the *Grizzly Bear in the Lower 48 States, 5-Year Status Review: Summary and Evaluation 3* (2021) prepared by U.S. Fish and Wildlife Service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The allegations in the fifth sentence of Paragraph 25 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

26. Montana admits the allegations in Paragraph 26 to the extent that "remnant" means remaining (but not if "remnant" is used as a ESA term of art evincing legal conclusion).

27. Montana admits the allegations in the first and second sentences of Paragraph 27. The allegations in the third sentence of Paragraph 27 purport to characterize the U.S. Fish and Wildlife Service Species List area map provided and cited, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the map's plain language, meaning, or context.

28. The allegations in first sentence of Paragraph 28 purport to characterize the *Status Assessment for the Grizzly Bear in the Lower-48 States*

prepared by U.S. Fish and Wildlife Service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 28 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

29. The allegations in Paragraph 29 purport to characterize the *Status Assessment for the Grizzly Bear in the Lower-48 States* prepared by U.S. Fish and Wildlife Service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

30. The allegations in the first sentence of Paragraph 30 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana admits the allegations in the second sentence of Paragraph 30.

31. Montana admits the allegations in the first sentence of Paragraph 31. The allegations in the second sentence of Paragraph 31 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

32. Montana denies the allegations in the first sentence of Paragraph 32. The allegations in the second sentence of Paragraph 32 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

33. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 33, and therefore denies them. The allegations in the second sentence of Paragraph 33 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

34. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 34, and therefore denies them. Montana denies the allegations in the third sentence of Paragraph 34.

35. Montana denies the allegations in Paragraph 35.

36. Montana admits the allegations in the first sentence of Paragraph 36. The allegations remaining in Paragraph 36 purport to characterize the bulletin titled *Hunters Must Expect to See Bears* published by Montana Fish, Wildlife and Parks, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

37. Montana admits the allegations in the first sentence of Paragraph 37. Montana denies the allegations in the second sentence of Paragraph 37.

38. The allegations in Paragraph 38 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

## II. PAST REPORTED TRAPPING AND SNARING OF GRIZZLY BEARS

39. The allegations in Paragraph 39 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

40. Montana denies the allegations in the first and third sentences of Paragraph 40. Montana admits the allegations in the second sentence of Paragraph 40.

41. Montana denies the allegations in Paragraph 41.

42. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 42, and therefore denies them.

43. Montana lacks sufficient knowledge form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 43, and therefore denies them. The allegations in fourth, fifth and sixth sentences of Paragraph 43 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations

44.` Montana admits the allegations in Paragraph 44.

45. The allegations in Paragraph 45 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

46. The allegations in Paragraph 46 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

47. Montana denies the allegations of Paragraph 47.

48. The allegations in the first and third sentences of Paragraph 48 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana denies the allegations in the second, fourth and fifth sentences of Paragraph 48.

### III. MONTANA'S WOLF-TRAPPING AND SNARING PROGRAM

49. Montana admits the allegations in the first sentence of Paragraph 49. The allegations in the second sentence of Paragraph 49 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denes the allegations.

50. Montana denies the allegations in the first sentence of Paragraph 50. The allegations in the second and third sentences of Paragraph 50 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

51. The allegations in the first sentence of Paragraph 51 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana admits the allegations in the second sentence of Paragraph 51. Montana denies the allegations in the third sentence of Paragraph 51.

52. Montana denies the allegations in Paragraph 52.

53. Montana denies the allegations in Paragraph 53.

54. Montana admits the allegations in Paragraph 54.

55. Montana admits the allegations in the first sentence of Paragraph 55. The allegations in the second and third sentences of Paragraph 55 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

56. The allegations in the first and third sentences of Paragraph 56 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana denies the allegations in the second sentence of Paragraph 56. Montana admits the allegations in the fourth sentence of Paragraph 56.

57. Montana denies the allegations in the first, third, and fourth sentences of Paragraph 57. The allegations in the second sentence of Paragraph 57 are too

subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

58. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 58, and therefore denies them. The allegations in the second sentence of Paragraph 58 purport to characterize the Status Assessment for Grizzly Bear prepared by the Fish and Wildlife Service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

59. Montana denies the allegations in the first and third sentences of Paragraph 59. The allegations in the second sentence of Paragraph 59 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

60. Montana admits the allegations in the first sentence of Paragraph 60. Montana denies the allegations in the second sentence of Paragraph 60. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the third sentence of Paragraph 60, and therefore denies them.

61. Montana denies the first, second and third sentences of Paragraph 61. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 61, and therefore denies them.

62. Montana admits the first sentence of Paragraph 62. Montana admits the second sentence of Paragraph 62. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the third sentence of Paragraph 62, and therefore denies them.

63. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 63, and therefore denies them. Montana denies the allegations in the second sentence of Paragraph 63. Montana denies the allegations in the third sentence of Paragraph 63.

64. Montana denies the allegations in Paragraph 64.

65. Montana admits the allegations in the first, second, and fourth sentences of Paragraph 65. Montana lacks sufficient knowledge to form a belief as to the truth of the allegations in the third sentence of Paragraph 65. The allegations in the fifth sentence of Paragraph 65 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

66. Montana denies the allegations in Paragraph 66.

## COUNT ONE

**(Violation of Endangered Species Act-Causing unlawful take of grizzly bears)**

67. Montana hereby incorporates each and every answer contained in the proceed Paragraphs 1 through 66.

68. Paragraph 68 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

69. Paragraph 69 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

70. Paragraph 70 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

71. Paragraph 71 is a conclusion of law that requires no response, if a response is required, those allegations are denied.

72. Montana denies the allegations in Paragraph 72.

73. Montana denies the allegations in Paragraph 73.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Montana denies that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

## GENERAL DENIAL

Montana denies any allegations of the Amended Complaint whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses:

1. Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2. This Court lacks subject matter jurisdiction over some or all of the claims asserted.

3. Plaintiffs have failed to join a party under Fed. R. Civ. P. 19.

4. No act or omission of any Defendant caused a violation of the Plaintiffs' federal rights, privileges, or immunities.

## PRAYER FOR RELIEF

Montana respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint in its entirety and order such further relief as it deems appropriate.

RESPECTFULLY SUBMITTED this 23rd day of October, 2023.

By: */s/ Sarah Clerget*
**Sarah Clerget**
Chief Legal Counsel
Montana Fish, Wildlife and Parks