Lawson E. Fite
Email: lfite@schwabe.com
Rosalyn S. DiLillo Knock, *Pro hac vice* forthcoming
Email: rdililloknock@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Proposed Defendant-Intervenors*
*Montana Stockgrowers Association, Montana Wool*
*Growers Association, and Montana Farm Bureau*
*Federation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| FLATHEAD-LOLO-BITTERROOT CITIZEN TASK FORCE and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA, LESLEY ROBINSON, and GREG GIANFORTE,<br><br>Defendants;<br><br>and<br><br>MONTANA TRAPPERS ASSOCIATION and OUTDOOR HERITAGE COALITION,<br><br>Defendant-Intervenors. | CV 9-23-00101-M-DWM<br><br>**BRIEF IN SUPPORT OF MOTION TO INTERVENE BY MONTANA STOCKGROWERS ASSOCIATION, MONTANA WOOL GROWERS ASSOCIATION, AND MONTANA FARM BUREAU FEDERATION** |

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 1
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

## I.   INTRODUCTION

Montana Stockgrowers Association ("MSGA"), Montana Wool Growers Association ("MWGA"), and Montana Farm Bureau Federation ("MFBF") (collectively, the Agricultural Groups) respectfully move to intervene as defendants in this case as of right under Fed. R. Civ. P.24(a) or permissively under Fed. R. Civ. P.24(b). This motion is presented to the Court pursuant to L.R. 24.1.

Plaintiffs seek to enjoin the trapping and snaring of wolves and coyotes in occupied grizzly bear habitat in Montana when grizzly bears are reasonably certain to be out of their dens. ECF. No. 4. Plaintiffs filed a Motion for Preliminary Injunction on September 22, 2023, asking the Court to enjoin the State from authorizing wolf and coyote trapping and snaring in occupied grizzly bear habitat in Montana. ECF. Nos. 5, 6. Following briefing and a hearing, this Court granted Plaintiffs' Motion for Preliminary Injunction on November 21, 2023 as to wolf trapping only, excluding coyote trapping and snaring because Plaintiffs did not "identif[y] a remedy appropriately tailored to the specific harm caused by coyote trapping and snaring in Montana." ECF No. 33. at 24. The State appealed the injunction as to wolf trapping and the Ninth Circuit affirmed in part and vacated in part. *Flathead-Lolo-Bitterroot Citizen Task*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

*Force v. Montana*, No. 23-3754, 2024 WL 1728679 (9th Cir. Apr. 23, 2024).

Plaintiffs did not appeal the Court's denial of relief as to coyote trapping.

Despite the Court's indication that an injunction for coyote trapping is not an appropriate remedy, a ruling that was not appealed to the Ninth Circuit, the Plaintiffs have now revived their claims regarding coyotes. They included in their Motion for Summary Judgment a request for permanent injunction that would extend the present injunction for wolves to include a ban on coyote trapping and snaring in large portions of Montana. ECF No. 54 at 2; ECF No. 56 at 21–23.

Intervention is appropriate because (1) the motion is timely, as it is filed at the beginning of merits briefing, and particularly so in light of Plaintiffs' renewed interest in enjoining coyote trapping and snaring; (2) the Agricultural Groups have direct, substantial, and legally protectable interests that are threatened by Plaintiffs' lawsuit; (3) disposition of this lawsuit will substantially hinder the Agricultural Groups' ability to protect their interest; and (4) existing parties do not adequately represent the interests of the Agricultural Groups.

The State Defendants do not adequately represent the Agricultural Groups' interests because they are governing bodies charged with representing

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 3
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

and balancing the interests of the general public. The trapping group intervenors, Montana Trappers Association and Outdoor Heritage Coalition, have interests that are separate and distinct from the Agricultural Groups' interests in protecting livestock.

The Agricultural Groups respectfully request the Court grant their Motion to Intervene as of right under Rule 24(a)(2) or permissively under Rule 24(b).

## II.   THE INTERVENORS

### A. Montana Stockgrowers Association

MSGA is a local non-profit membership organization protecting and advocating for the interests of Montana cattle ranchers to ensure cattle ranching remains a relevant, safe, and sustainable way of life for generations to come. Honeycutt Decl. ¶ 7. Membership in MSGA consists of cattle ranching operations of all sizes, feedlot operators, affiliate businesses, private property owners, and supporters and friends of Montana ranchers whose livelihood and identity are tied to the Montana cattle industry. *Id.* ¶ 9. The MSGA believes that cattlemen have a duty and that it is in their best interest to care for the environment and practice environmentally sustainable ranching. *Id.* ¶ 8.

MSGA members consistently report coyotes targeting calves and

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 4
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

threatening the safety and wellbeing of herds during calving season. *Id.* ¶ 11.
The significant impact of coyote predation on herds and the financial interests
of the ranch requires active management by ranchers and government
managers. *Id.* ¶ 10. MSGA members rely on traps and snares to keep their
calves safe from coyotes. *Id.* ¶ 12. MSGA's ranchers spend a significant
amount of time and money to protect their stock from coyote predation. *Id.*
¶ 15. Should Plaintiffs' injunction with regard to coyote trapping be granted, it
would seriously impair ranching operations and have immediate impact on the
MSGA's members' ongoing calving season. *Id.* ¶ 19.

### B. Montana Wool Growers Association

For more than 140 years, MWGA has worked to ensure a future for
sheep and wool production in Montana and the United States. Leach Decl. ¶ 7.
MWGA promotes the economic health of Montana, Montana's agricultural
industry, and the local communities, businesses, and people supported by
agriculture through agricultural advocacy with a strong focus on predator
control. *Id.* ¶¶ 7–8. MWGA membership stretches across the State and includes
small and large operations owned by families and individuals who rely on
sheep and wool production as a source of income. *Id.* ¶ 9.

MWGA's members are significantly impacted by coyote predation. *Id.* ¶

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 5
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

10. Coyotes account for nearly *eighty percent* of all predation on sheep and lambs in Montana with producers reporting more than 10,000 losses to coyotes nearly every year. *Id.* ¶ 10. Coyotes also cause economic losses to producers in the form of injured livestock, reduced weight gains, decreased conception rates, and increased illness from the stress of harassment by coyotes. *Id.* ¶ 11.

MWGA's members rely on coyote snaring and trapping, both as a predator control tool and as a commercial or recreational practice used by trappers, to help manage the coyote population to prevent excessive livestock depredation. *Id.* ¶ 12. MWGA members also use strategically placed traps and snares to secure boundaries around a pasture or pen where their livestock are held. *Id.* Coyote snares are typically set below the bottom wire of a fence where they are most likely to catch a coyote. *Id.* ¶ 13. Since grizzly bears and wolves go through or over fences rather than under, the location of the snares makes an unintentional capture highly unlikely, if not impossible. *Id.* In addition, the snares and traps MWGA members use to control coyotes are designed specifically for coyotes, have break-away features that prevent the unintentional capture of animals heavier than coyotes, and are too mall and weak to catch or hold a grizzly bear. *Id.* ¶ 14. MWGA producers spend significant time and money protecting their herds from coyote predation. *Id.* ¶ 16. Plaintiffs'

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

requested injunction would prohibit or greatly restrict lawful coyote control, which will be detrimental to MWGA members' livelihood. *Id.* ¶ 17. The injunction would be especially impactful if issued in the spring and early summer because of the ongoing and vital lambing season underway. *Id.* ¶ 21.

### C. Montana Farm Bureau Federation

MFBF is a statewide farm and ranch organization dedicated to protecting the interests and rights of farmers and ranchers across Montana. Kulbeck Decl. ¶ 7. Over four thousand of MFBF's 19,079 members are cattle ranching operations, lamb, sheep, and wool growers, and farmers. *Id.* MFBF serves people in the agricultural industry and provides aid to these stewards of the land. *Id.* ¶ 8. MFBF represents their members on issues of profitability, property rights, water, trade, farm policy, tax issues, environmental issues and any other area of concern. *Id.* ¶ 7.

MFBF members report "coyote predation is one of their greatest economic expenses and embodies the largest physical threat to livestock in Montana." *Id.* ¶ 9. Coyotes attack calves, sheep, and lambs and cause mental distress, physical harm, and death to members' animals. *Id.* ¶ 10. Often, the coyotes do not actually consume the animals they kill, they just kill them to train their pups how to hunt. *Id.* Coyote predation strains an already challenging

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 7
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

industry and contributes to the closure of many smaller operations. *Id.* ¶ 11.

MFBF members rely on traps and snares in conjunction with aerial hunting to keep their animals safe. *Id.* at ¶ 12. Many nonlethal methods can be counterproductive by drawing coyotes in or giving them tools to separate lambs and calves from their mothers. *Id.* MFBF's producers set traps and snares on their ranches strategically to protect their livestock, at great effort and expense. *Id.* ¶ 15. They focus on areas with known coyote activity and, working with the State or local agencies, set traps and snares specifically targeted to coyotes. *Id.* Should Plaintiffs' injunction with regard to coyote trapping be granted, it would have immediate impact on the MFBF members' ongoing lambing and calving season, and potentially deal significant damage to the viability of small operations statewide. *Id.* ¶ 20.

## III.   ARGUMENT

### A. Standards for Intervention

A party may intervene as of right where: (1) its motion is timely; (2) the applicant asserts an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention, the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 8
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

by the existing parties. Fed. R. Civ. P. 24(a)(2).

Rule 24(a)(2) "does not require a specific legal or equitable interest." *Wilderness Soc'y* v. *US. Forest Serv.,* 630 F.3d 1173, 1179 (9th Cir. 2011) *(en banc).* Rather, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* Moreover, an applicant's interest in the litigation is sufficient under the Rule so long as "it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* The court accepts as true the nonconclusory allegations and evidence submitted in support of a motion to intervene. *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001).[1] An organization may intervene on behalf of its members. *Id.* at 822. The Ninth Circuit reaffirmed that Rule 24 is construed "broadly in favor of proposed intervenors." *Wilderness Soc'y,* 630 F.3d at 1179.

Under Fed. R. Civ. P. 24(b), the court has discretion to grant permissive intervention to anyone who upon timely motion has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P.

---

[1] An organization may intervene on behalf of its members so long as it shows "(1) members have a legally protectable interest sufficient for intervention; (2) the defense of the [decision] is germane to the associations' purposes; and (3) individual [members] are not necessary participants in the suit." *Berg,* 268 F.3d at 822. The Agricultural Groups have made those showings here.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

24(b). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *Id.* Courts will generally interpret the requirements of Rule 24 broadly in favor of intervention. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

### B. The Agricultural Groups Have a Right to Intervene

#### 1.      The Motion is timely.

The Agricultural Groups' motion is timely. In determining whether a motion to intervene is timely, three factors are weighed: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

The determination of the merits of this case is just getting started. Plaintiffs have just filed their Motion for Summary Judgment and no hearing date has been set. No final rulings on any substantive matters have been made. At this stage of the case, the Agricultural Groups' motion is timely. *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 837 (9th Cir. 1996); *Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995) (holding a motion to intervene timely when filed "before any hearings or rulings on substantive

matters"); *accord WildEarth Guardians v. Hoover,* No. CV 16-65-M-DWM, 2016 WL 7388316 at *1 (D. Mont. Dec. 20, 2016); *Cal. State Grange v. Nat'l Marine Fisheries Serv.,* No. 1:06-CV-00308-0WW-DLB, 2006 WL 3147681, at *2 (E.D. Cal. Nov. 1, 2006) (holding intervention timely where a motion to intervene was filed six months after the complaint, a month after the administrative record, and before any substantive rulings.) The Agricultural Groups will work with the existing briefing schedule on Plaintiffs' Motion for Summary Judgment and will coordinate with the parties to avoid duplication and conserve the Court's resources.

This motion is especially timely given the content and context of Plaintiffs' Motion for Summary Judgment. This Motion re-introduced an element to the case with which the Agricultural Groups believed the Court previously dispensed: whether to include coyote trapping in the injunction. Once the Groups became aware that Plaintiffs had revived their request to enjoin coyote trapping, they moved promptly to retain counsel and appear in this Court within the existing briefing schedule. Honeycutt Decl. ¶ 17; Kulbeck Decl. ¶ 21; Leach Decl. ¶ 20. The Agricultural Groups are especially concerned given the timing of this injunction request as it occurs at the same time as the lambing and calving season, putting their stock at highest risk from coyote

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 11
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

predation. Kulbeck Decl. ¶ 22.

Intervention here is consistent with cases where courts have ruled intervention appropriate, even years into litigation, when a party acted as soon as it was aware its interests were at issue. *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (reversing denial of intervention motion 18 months after complaint filed); *Kane Cnty., Utah v. United States*, 928 F.3d 877, 891 (10th Cir. 2019) (reversing denial of intervention sought after nine years of litigation). For these reasons, intervention will not prejudice the existing parties and is timely within the meaning of Fed. R. Civ. P. 24. This motion is timely.

### 2.  The Agricultural Groups have significant protectable interests that are related to the subject of the action.

The Agricultural Groups have significant interests in the regulation of coyote trapping in Montana, which is the broad subject of the action, and specifically in non-recreational coyote trapping designed to protect livestock, especially calves and lambs, from predation. Intervenors may show their "significant protectable interest" when they can assert an interest that is protected under the law and show a "relationship" between this legally protected interest and the plaintiff's claims. *Nw. Forest Res. Council v. Glickman,* 82 F.3d at 837. Economic interests related to reducing the efficiency

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 12
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

of current practices and methods are protectable under Rule 24. *Kleissler v. US.*

*Forest Serv.,* 157 F.3d 964, 972 (3d Cir. 1998) (holding that timber companies

had "direct and substantial interests in a lawsuit aimed at halting logging or, at a

minimum, reducing the efficiency of their method of timber-cutting.")

The Agricultural Groups have a significant interest in predator control for

the purposes of protecting the health and safety of animals in their charge,

protecting their own health and safety, and ensuring the economic integrity of

their businesses and livelihoods. Kulbeck Decl. ¶ 20. Coyotes are predators

who severely impact producers' interests even under the current regulations.

*Id.* ¶¶ 10–11. Imposing an injunction on snaring and trapping of coyotes, the

proposed remedy requested by the Plaintiffs, will heavily impair Montana

farmers' and ranchers' ability to protect their animals from predation,

particularly as lambing and calving season is now underway and lambs and

calves are particularly vulnerable to coyote attacks.  Leach Decl. ¶ 10;

Honeycutt Decl. ¶ 11. The more animals lost each year to coyotes and the more

money producers must spend to counter their negative impact, the more income

producers lose, and the more likely Montana farmers and ranchers are to exit

the business. Kulbeck Decl. at ¶ 11. Therefore, the Agricultural Groups have

direct, substantial, and legally protectable interests in the outcome of this

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 13
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5ᵗʰ Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

litigation.

> **3.    Disposition of the action may practically impair or impede the applicants' ability to protect their interests.**

"If an absentee would be substantially affected in a practical sense by the determination made in an action, [they] should, as a general rule, be entitled to intervene." *Berg,* 268 F.3d at 822. This element often follows as a matter of course if the previous (interest) element is met. *See, e.g., California ex rel. Lockyer v. United States,* 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.").

Here, the relief requested by Plaintiffs would have a legal and practical effect on the interests of the Agricultural Groups. Plaintiffs request an injunction for all coyote trapping and snaring "in occupied grizzly bear habitat in Montana when grizzly bears are reasonably certain to be out of their dens." ECF No. 54 at 2. If Plaintiffs are successful, the injunction will leave few if any practical methods for affected Montana ranchers and farmers to protect their livestock from predation. They will lose substantial economic benefits. Leach Decl. ¶ 9. The injunction could jeopardize the health and safety of farmers and

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 14
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

ranchers and their animals across the state, especially now during the lambing and calving season. Kulbeck Decl. ¶ 11. Coyotes are responsible for dramatic portions of lamb predation in Montana. Leach Decl. ¶ 10. There are not many effective alternatives available for producers to handle the threat from coyotes. *Id.* ¶ 12. The Agricultural Groups' members would be directly and substantially impacted by this injunction and so this factor is satisfied.

### 4.    The Agricultural Groups are not adequately represented by the existing parties.

The Agricultural Groups are not adequately represented by the existing parties in this case. An "applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. US. Forest Serv.,* 66 F.3d 1489, 1498 (9th Cir. 1995); *see also Berger v. N. Carolina State Conf. of the NAACP,* 597 U.S. 179, 195–96 (2022) (noting the Court's precedent that interests, even if "related," were not "identical," were enough to clear the bar of Rule 24(a)(2). In the Ninth Circuit, a proposed intervenor is adequately represented only if "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw.*

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 15
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

*Ctr. for Biological Diversity v. Babbitt,* 150 F.3d 1152, 1153-54 (9th Cir. 1998).

Neither the State nor the other Intervenors, the Montana Trappers Association and Outdoor Heritage Coalition (the "Trapping Intervenors"), will feel the impacts of this injunction in the same way as the Agricultural Groups, and so will not present the same arguments or advocate for the same outcomes. The State Defendants will primarily advocate for the interests of the general public, which is a much broader scope than the arguments presented by the Agricultural Groups. The Trapping Intervenors will focus on trapping for sport and as a business in and of itself. Both the State and the Trapping Intervenors are largely concerned with recreational wolf trapping, which is different from the Agricultural Groups' focus on non-recreational trapping to control coyote predation. *See, e.g.,* ECF No. 47 at 7–9 (describing interests in wolf trapping); ECF No. 19 at 5–7 (State's preliminary injunction opposition focusing on wolf regulations).

The Agricultural Groups have a much more personal stake in this litigation. They will provide firsthand information about the real-world effects of coyote predation, and the *need* for predator control via coyote trapping and snaring to protect one of Montana's oldest, largest, and most important industries. This information is unique from other Defendants and helpful to

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 16
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

give the Court another angle on the issues. The Agricultural Groups also have an economic interest in this matter distinct from the Trapping Intervenors, and that represents a large slice of Montana's overall economy. Kulbeck Decl. ¶ 7. For these reasons, the Agricultural Groups seek full party status to adequately defend their interests.

The Ninth Circuit recognized a similar difference in interests in litigation regarding the ESA listing status of the gray wolf. It held that an agricultural coalition's "specific interest in the litigation—ensuring the protection of livestock or compensating for its loss—differs significantly from the interests of the other parties, such as an interest in recreational hunting." *Defs. of Wildlife v. United States Fish & Wildlife Serv.*, No. 21-16382, 2022 WL 3656444, at *1 (9th Cir. Aug. 24, 2022) (unpublished). Accordingly, the panel found the lower court had "erred in concluding that the current parties would represent the Coalition's interests adequately." *Id.* While the unpublished decision is not binding on this Court, it is consistent with the Agricultural Groups' motion here.

### C. Alternatively, the Court May Grant Permissive Intervention.

District courts have broad discretion to grant permissive intervention. Fed. R. Civ. P. 24(b)(2). So long as an applicant's motion is timely and its

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 17
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

"claim or defense and the main action have a question of law or fact in common," a court may grant permissive intervention. In *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2003), a case involving a NEPA challenge to the Forest Service's Roadless Area Conservation Rule, environmental groups were allowed to intervene under Rule 24(b) where they asserted "defenses of the Roadless Rule directly responsive to the claim for injunction," *Id.* at 1110, along with "an interest in the use and enjoyment of roadless lands, and in the conservation of roadless lands, in the national forest lands subject to the Roadless Rule ...." *Id.* at 1110–11.

Similarly, Proposed Intervenors seek to participate to defend the current system of regulation being challenged by Plaintiffs. Like the successful intervenors in *Kootenai Tribe,* Proposed Intervenors have an interest in the management of the animals subject to the Complaint. *Cf. Defs. of Wildlife v. United States Fish & Wildlife Serv.*, No. 21-16382, 2022 WL 3656444, at *1 (determining that denial of permissive intervention was abuse of discretion).

/ / /

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 18
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

## IV.    CONCLUSION

Montana Stockgrowers Association, Montana Wool Growers Association, and Montana Farm Bureau Federation respectfully request that the Court grant their motion to intervene.

Dated this 6th day of May, 2024.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____

Lawson E. Fite
Rosalyn S. DiLillo Knock

*Attorneys for Proposed Defendant-Intervenors Montana Stockgrowers Association, Montana Wool Growers Association, and Montana Farm Bureau Federation*

MEMORANDUM IN SUPPORT OF AGRICULTURAL
GROUPS' MOTION TO INTERVENE - 19
NO.: CV 9-23-00101-M-DWM
142689\285399\RDK\45594625.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word count limitation in L.R. 7.1(d)(2) and contains 3,908 words, excluding captions, certificate of compliance, table of contents and authorities, exhibit index, and any certificate of service; and it is proportionately typed, not smaller than 14-point font, for the body and footnotes.

DATED this 6th day of May, 2024.

Lawson E. Fite, 66390786
Rosalyn DiLillo Knock, WSBA #61423

*Attorneys for Proposed Defendant-Intervenors,
Montana Stockgrowers Association, Montana
Wool Growers Association, and Montana Farm
Bureau Federation*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981